USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID COLLADO,

                        Petitioner,

   -v-

DEPARTMENT OF HOMELAND
SECURITY,

                        Respondent.

No. 20-cv-2824 (MKV)
ORDER TO TRANSFER
FOR LACK OF VENUE

MARY KAY VYSKOCIL, District Judge:

      The Court is in receipt of a *pro se* petition for a writ of habeas corpus, 28 U.S.C. § 2241, that was filed in the above-captioned matter today, April 6, 2020. [ECF #1] The Court has also been advised that a member of Petitioner's family informed the Clerk's Office that Petitioner is scheduled to be removed from the United States tomorrow.

      The Court may entertain a petition for a writ of habeas corpus from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court is also obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). The Court therefore construes Petitioner's filing as including an emergency motion for a stay of removal proceedings. However, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Id*. at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

1

The Southern District of New York is not a proper venue for this proceeding. The proper venue for the petition is "the district of confinement," which is the District of New Jersey. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). *See also, e.g.*, *Cesar v. Shanahan*, No. 17-cv-7974, 2018 WL 1747989, at *1 (S.D.N.Y. Feb. 5, 2018); *Alberto v. Decker*, No. 17-cv-2604, 2017 WL 6210785, at *1-*2 (S.D.N.Y. Nov. 21, 2017); *Phrance v. Johnson*, No. 14-cv-3569, 2014 WL 6807590, at *1-*2 (S.D.N.Y. Dec. 3, 2014); *Medina-Valdez v. Holder*, No. 12-CV-6002, 2012 WL 4714758, at *1–2 (S.D.N.Y. Oct. 1, 2012); *Guo v. Napolitano*, No. 09-cv-3023, 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009). The Court is aware that a minority of decisions in this district have declined to apply *Padilla* in the context of an immigration habeas proceeding. *See Matias Madera v. Decker*, No. 18-cv-7314, 2018 WL 10602037, at *2 (S.D.N.Y. Sept. 28, 2018). However, even these decisions acknowledge that they break with the majority. *Id.* ("I recognize that the majority of courts within this district have applied *Padilla* in the immigration context.").

Accordingly, IT IS HEREBY ORDERED that this case shall be transferred to the District of New Jersey.

**Dated:** **April 6, 2020**
**New York, New York**

_____
**MARY KAY VYSKOCIL**
**UNITED STATES DISTRICT JUDGE**